UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    )<br>        Plaintiff, )<br>    )<br>    v. )<br>    )<br>BEKET ELIZABETH CASS-GARCIA, )<br>    )<br>        Defendant. )<br>_____ ) | Case No. 06-47M<br><br>DETENTION ORDER |

Offenses charged:

   Count 1:  Conspiracy to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B).

   Count 2:  Possession of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Date of Detention Hearing:  February 13, 2006.

   The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

   FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

   (1)   Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges.

   (2)   Defendant has past substance-abuse problems, and it appears that those problems may be ongoing.

(3) Defendant's criminal background history shows that she has failed to appear in Court as required on five prior occasions.

(4) Defendant's criminal background history shows that she has five instances of violating the terms of her probation.

(5) Although defendant has lived in the Western District of Washington for seven (7) years, her ties to the community are minimal. She has not been employed for the past five (5) years. She has minimal family ties and has living arrangements that cannot be verified.

(6) There are no conditions or combination of conditions that will reasonably assure the appearance of defendant as required, or the safety of the community

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 13th day of February, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge